**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEPAN BRUGER and DMYTRO BRUGER, | ) ) ) |
| Plaintiffs, | ) Case No. 19 C 2277 ) |
| v. | ) Judge Joan H. Lefkow ) |
| OLERO, INC. and OLEG ROMANYUK, | ) ) ) |
| Defendants. | ) |

**ORDER**

    Plaintiffs' motion for entry of default judgment (dkt. 337) against Olero, Inc., and Oleg Romanyuk is denied without prejudice. Plaintiffs are given one more chance to comply with the court's order of July 25, 2024. Any renewed motion made in compliance with that order shall be filed by April 18, 2025. Plaintiffs' motion for entry of default judgment (dkt. 333) is moot. See Statement.

**STATEMENT**

    Stepan Bruger and Dmytro Bruger seek judgment by default against Olero, Inc. and its principal, Oleg Romanyuk, on their claims for unpaid wages under the Illinois Wage Payment and Collection Act (IWCPA).

    On July 25, 2024, the court entered the following order:

> Plaintiffs move for default judgment (dkt. 333), requesting $31,409.66 in compensatory damages, $91,097.70 in statutory damages, $132,937.50 in attorneys' fees, and $5,723.46 in costs under the Illinois Wage Payment and Collection Act. The court discerns no statutory basis for awarding damages for uncompensated mileage but is poised to enter a default judgment for Stepan Bruger in the amount of $7,538.83 and for Dmytro Bruger in the amount of $7,870.00. Before the court may enter judgment, however, the court requires plaintiffs' counsel to document the Brugers' claims for wages and to demonstrate that her claim for fees is "reasonable." See Attorneys' Fees in Wages Actions Act, 705 Ill. Comp. Stat. 225/1 (2007). Counsel must file: (1) an affidavit detailing plaintiffs' calculations of statutory damages; and (2) an affidavit from plaintiffs' counsel that includes (a) time records of hours worked on this case as against defendants Olero and Romanyuk, excluding time devoted to litigation against defendants EMB and Minochkin [with whom plaintiffs had settled], and (b) an explanation by plaintiffs' counsel as to why costs now sought seem to include $4,250.82 in costs incurred by the firm Lichten & Liss-Riordan. (Dkt. 334.)

As of November 20, 2024, plaintiffs had filed no submission, so the court ordered plaintiffs to show cause why the case should not be dismissed, but giving them until December 31, 2024 to make the submission. (Dkt. 335.) On December 31, plaintiffs filed a renewed motion for default judgment.

In the renewed motion, Stepan requests $7,538.83 and Dmytro requests $7,870.00 in unpaid wages stemming from unlawful deductions from their pay. In addition, each claims unpaid mileage under their employment contracts, $7,150 for Stepan and $5,850 for Dmytro. Both further claim that they were each unlawfully withheld an "escrow" from their first paychecks. They also claim statutory interest under IWCPA in the amount of $48,080.98 for Stepan and $44,597.03 for Dmytro. In sum, Stepan seeks judgment in the amount of $64,269.81 and Dmytro seeks judgment in the amount of $59,817.86.[1] They also seek costs[2] and their attorney's fee of $113,348.82.

Contrary to the July 25 order, counsel did not submit an affidavit (or declaration) detailing plaintiffs' calculations of damages (nor any argument or authority for inclusion of unpaid mileage under IWCPA). Stepan Bruger's declaration does not detail his calculation of damages, and Dmytro Bruger submitted no affidavit at all. As for the attorney's fee, counsel did not submit an affidavit that includes (a) time records of hours worked on this case as against defendants Olero and Romanyuk, excluding time devoted to litigation against defendants EMB and Minochkin, and (b) an explanation by plaintiffs' counsel as to why costs now sought seem to include $4,250.82 in costs incurred by the firm Lichten & Liss-Riordan.[3] As a result, the court denies without prejudice the motion for default judgment and will give plaintiffs' counsel one more chance to comply with its order.

Date: March 20, 2025

_____
U.S. District Judge Joan H. Lefkow

---

[1] Stepan submitted a declaration under oath setting out these numbers. (Dkt. 337-3.) Counsel represents that, based on statutory interest of 2% monthly up until July 1, 2021, and 5% from July 1, 2021 until December 1, 2024, interest on damages of $16,188.83 is calculated as follows: 2% ($323.78) x 46 months (from September 2017 until June 2021) = $14,893.88, and 5% ($809.44) x 41 months (from July 2021 until December 2024) = $33,187.10. The Total Interest on damages for Stepan Bruger is $48,080.98. This figure continues to increase, due to passage of time since the submission to the court.

Dmytro did not attest to the motion for judgment by default. The court relies on his declaration in opposition to summary judgment (dkt.300-3) to establish the elements of his claim. His asserted damages at that time were significantly greater than claimed here, and the court accepts the amounts requested in this motion. For Dmytro, interest on damages of $15,220.83 is calculated as follows: 2% ($304.41) x 44 months (from November 2017 until June 2021) = $13,394.33, and 5% ($761.04) x 41 months (from July 2021 until December 2024) = $31,202.70. The Total Interest on interest for Dmytro Bruger is $44,597.03. This figure continues to increase, due to passage of time since the submission to the court.

[2] The court will not address costs in this order. After judgment, plaintiffs may file a bill of costs against Olero and Romanyuk.

[3] The court notes that plaintiffs have removed reference to Lichten & Liss-Riordan in their renewed motion. To the extent they no longer seek costs incurred by that firm, they have failed to so specify.